IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CARL C. GILBERT, II,

                           Plaintiff,

     v.                                            OPINION and ORDER

DANIEL KATTENBRAKER, ERIC NESS,
NATHAN HEGGESETH, LAURA THOMAS,              20-cv-194-jdp
KAYLA REIMAN, JUSTINE STEINMETZ,
and JOHN OR JANE DOE DEFENDANTS,[1]

                       Defendants.

---

Pro se plaintiff Carl C. Gilbert, II, a civil detainee confined at Sand Ridge Secure Treatment Center, in Mauston, Wisconsin, alleges that facility staff and other state officials failed to provide him with adequate medical care for an injury to his right knee. This opinion concerns Gilbert's motion to strike portions of defendants' answer and his attempts to amend his complaint.

**A.  Motion to strike answer**

Gilbert has filed a motion to strike portions of defendants' answer. Dkt. 44. I will deny most of his requests in that motion. Gilbert states that defendants should not be able to deny some of his allegations about their alleged substandard care because he has evidence supporting his allegations. But it is premature to decide the merits of the case based on the pleadings, before the parties have submitted evidence and developed the record. In particular, defendants

---

[1] I have amended the caption to include the proper spelling of defendants' names, as reflected in their filings.

deny many of Gilbert's factual allegations because he had not yet authorized release of his medical records, so they were unable to refer to those records in answering.

Gilbert also seeks to strike defendants' affirmative defenses stating that they "can not be sued in their personal and official capacities." *Id.* at 2. I take him to be referring to defendants' stated affirmative defenses that they cannot be sued for damages in their official capacities and that they are entitled to qualified immunity for Gilbert's individual-capacity claims against them. *See* Dkt. 39, at 5.

Under Federal Rule of Civil Procedure 12(f), a court may strike from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." But motions to strike are generally disfavored because they potentially serve only to delay. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). A motion to strike should "not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (citation omitted).

Defendants are correct when they say that they cannot be sued for damages in their official capacities because of Wisconsin's sovereign immunity. *See, e.g., Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012). Gilbert appears to argue that defendants can't also use sovereign immunity as a defense to his individual-capacity claims, which is correct, but that isn't the type of immunity that defendants raise regarding his individual-capacity claims. Rather, they state that they are entitled to qualified immunity on those claims. At this early stage of the lawsuit, it is too soon to tell whether that defense will apply to Gilbert's claims. Gilbert hasn't provided sufficient reason to strike the qualified immunity defense.

I will grant Gilbert's motion to strike defendants' invocation of 42 U.S.C. § 1997e(e) as an affirmative defense. That provision forbids a prisoner from recovering damages for emotional harm without a showing of physical injury or the commission of a sexual act. But defendants concede that Gilbert is not a prisoner; he is serving a civil commitment. So that defense does not apply to Gilbert's claims.

## B.  Motions to amend complaint

Gilbert has filed two documents attempting to amend his complaint, one titled "Amended Complaint," Dkt. 42, and another titled "Supplemental Complaint and Amended Complaint," Dkt. 50. Defendants have filed a motion asking the court to screen the second document, which I will grant.

The court should freely grant Gilbert leave to amend when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). But Gilbert's proposed amendments are still subject to the pleading rules. His first proposed amendment contains only vague allegations that do not comply with Federal Rule of Civil Procedure 8 and in any event do not appear to add any claims to the case. I will deny Gilbert leave to amend his complaint with that document.

I will treat Gilbert's second document as a supplement to the current operative pleading, Dkt. 27. Much of the proposed supplement is also vague and does not adequately explain what particular defendants did to violate his rights. But portions of the supplement do state claims for relief, and I conclude that justice requires allowing Gilbert to add those claims.

Gilbert states that after his knee replacement surgery, proposed new defendants nurse Carla Venable and patient care technician Colton Winders took away a machine ordered by his doctor and physical therapist used to bend his leg; removal of the machine caused his leg

to "lock up." Dkt. 50, at 1. This is sufficient to state Fourteenth Amendment medical care claims against Venable and Winders.

Gilbert states that defendant physical therapist Nathan Heggeseth and proposed new defendant Dr. Horan retaliated against him for filing this lawsuit by "stopp[ing] all forms of physical therapy" after he filed the lawsuit. *Id.* at 2. That is enough to state Fourteenth Amendment medical care claims against Heggeseth and Horan for stopping the treatment he needed. To establish a First Amendment retaliation claim, a plaintiff must allege that: (1) he engaged in activity protected by the First Amendment; (2) defendants took actions that would deter a person of "ordinary firmness" from engaging in the protected activity; and (3) the First Amendment activity was at least a "motivating factor" in defendants' decision to take those actions. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Gilbert has alleged enough to state retaliation claims against Heggeseth and Horan for stopping treatment in response to his lawsuit. As the case progresses, Gilbert will have to explain how he knows that his lawsuit was a motivating factor for defendants' treatment decisions.

Gilbert also contends that his knee replacement surgery at Mile Bluff Medical Center was "botched," which led to some of the complications that followed. That allegation could support a Wisconsin-law medical malpractice claim. Under Wisconsin law, a claim for medical malpractice, "as all claims for negligence, requires the following four elements: (1) a breach of (2) a duty owed (3) that results in (4) an injury or injuries, or damages." *Paul v. Skemp*, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 625 N.W.2d 860. I take Gilbert to be alleging that defendant Horan is the doctor who performed the surgery, so I will allow him to proceed on a malpractice claim against Horan. Gilbert also names Mile Bluff Medical Center as a defendant in his supplement. For a state-law malpractice claim—unlike a federal constitutional claim—the

hospital may be responsible for the acts of its employees under the doctrine of *respondeat superior*. So I will grant Gilbert leave to proceed on a malpractice claim against the hospital.

There is a final issue that I must address. I granted Gilbert leave to proceed on Fourteenth Amendment claims against unidentified "John or Jane Doe" Sand Ridge staffers who worked with defendant doctors Daniel Kattenbraker and Eric Ness to delay approval of his knee replacement surgery. I directed Gilbert to follow procedures explained at the court's preliminary pretrial conference to use discovery methods to identify the Does and to amend his complaint to name those Does. Gilbert's proposed amendments do not explain who he means to identify as the Doe defendants, so I will dismiss them from the case.

## ORDER

IT IS ORDERED that:

1. Plaintiff Carl C. Gilbert's motion to strike portions of defendants' answer, Dkt. 44, is GRANTED in part as stated in the opinion above.

2. Defendants' motion to screen plaintiff's second proposed amendment, Dkt. 51, is GRANTED.

3. Plaintiff's motion for leave to amend his complaint, Dkt. 42, is DENIED.

4. Plaintiff's motion to supplement his complaint, Dkt. 50, is GRANTED in part. Dkt. 27 and Dkt. 50 together are now the operative pleading.

5. Plaintiff is now GRANTED leave to proceed on the following claims:

   - Fourteenth Amendment medical care claims against defendants Daniel Kattenbraker, Eric Ness, Nathan Heggeseth, Laura Thomas, Kayla Reiman, Justine Steinmetz, Carla Venable, Colton Winders, and Dr. Horan.

   - First Amendment retaliation claims against defendants Heggeseth and Horan.

   - Wisconsin-law medical malpractice claims against defendants Horan and Mile Bluff Medical Center.

6. Defendant John or Jane Doe medical staffers are DISMISSED from the case.

7.  The Wisconsin Department of Justice may have until May 4, 2022, to notify the court whether it will accept service for new defendants Venable and Winders.

8.  The clerk of court is directed to ensure that the United States Marshals Service serves defendants Horan and Mile Bluff Medical Center with a copy of plaintiff's complaint and this order. Plaintiff should not attempt to serve defendants on his own at this time.

Entered April 13, 2022.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge